IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
~~CLUB DIVIDED~~ DIVISION
NASHVILLE

Ja'Don Malone
_(Name)_                    )
#621812                     )
_(Prison Id. No.)_          )

Jason Young
_(Name)_                    )
#648380                     )
_(Prison Id. No.)_          )

Plaintiff(s)                )

v.                          )

Vance Vantell
_(Name)_                    )
Core Civic
_(Name)_                    )

Defendant(s)                )

)   *(List the names of all the plaintiffs filing*
)   *this lawsuit. Do not use "et al." Attach*
)   *additional sheets if necessary.)*
)
)
)   Civil Action No. _____
)     *(To be assigned by the Clerk's Office.*
)     *Do not write in this space.)*
)
)
)
)   JURY TRIAL REQUESTED ✓ YES ___ NO
)
)   *(List the names of all defendants*
)   *against whom you are filing this*
)   *lawsuit. Do you use "et al." Attach*
)   *additional sheets if necessary.)*
)
)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS FILED
PURSUANT TO 42 U.S.C. § 1983

I.    PARTIES TO THIS LAWSUIT

   A.   Plaintiff(s) bringing this lawsuit:

      1.   Name of the first plaintiff: Ja'Don Malone
           Prison I.D. No. of the first plaintiff: # 621812
           Address of the first plaintiff: 140 Macon Way
           Hartsville, TN 37074

      Status of Plaintiff: CONVICTED (✓)    PRETRIAL DETAINEE (___)

      2.   Name of the second plaintiff: Jason Young
           Prison I.D. No. of the second plaintiff: # 648380
           Address of the second plaintiff: 140 Macon Way
           Hartsville, TN 37074

      Status of Plaintiff: CONVICTED (✓)    PRETRIAL DETAINEE (___)

Revised 11/2014

*(Include the name of the institution and mailing address with zip code for each plaintiff. If any plaintiff changes his or her address, he or she must notify the Court immediately. If there are more than two plaintiffs, list their names, prison identification numbers, and addresses on a separate sheet of paper.)*

    B.  Defendant(s) against whom this lawsuit is being brought: *See additional Sheets labeled: Defendants*

        1.  Name of the first defendant: *Warden Vance Vantell*

           Place of employment of the first defendant: *CoreCivic - Trousdale Turner Correctional Center*

           First defendant's address: *140 Macon Way Hartsville, TN 37074 T.T.C.C.*

           Named in official capacity? ✓ Yes     ___ No
           Named in individual capacity? ✓ Yes     ___ No

        2.  Name of the second defendant: *CoreCivic*

           Place of employment of the second defendant: *Corporation*

           Second defendant's address: *CoreCivic - Trousdale Turner Correctional Center 140 Macon Way Hartsville, TN 37074*

           Named in official capacity? ✓ Yes     ___ No
           Named in individual capacity? ✓ Yes     ___ No

*(If there are more than two defendants against whom you are bringing this lawsuit, you must list on a separate sheet of paper the name of each additional defendant, his or her place of employment, address, and the capacity in which you are suing that defendant. If you do not provide the names of such additional defendants, they will not be included in your lawsuit. If you do not provide each defendant's proper name, place of employment, and address, the Clerk will be unable to serve that defendant should process issue.)*

II.    JURISDICTION

    A.  Jurisdiction is asserted pursuant to 42 U.S.C. § 1983 (applies to state prisoners). Jurisdiction is also invoked pursuant to 28 U.S.C. § 1343(a)(3).

        If you wish to assert jurisdiction under different or additional statutes, you may list them below:

III.   PREVIOUS LAWSUITS (The following information must be provided by each plaintiff.)

A.   Have you or any of the other plaintiffs in this lawsuit filed any other lawsuit(s) in the United States District Court for the Middle District of Tennessee, or in any other federal or state court?          ___Yes          ✓ No

B.   If you checked the box marked "Yes" above, provide the following information:

1.   Parties to the previous lawsuit:

Plaintiffs     _____

                  N/A

Defendants   _____

2.   In what court did you file the previous lawsuit? ___ N/A ___

(If you filed the lawsuit in federal court, provide the name of the District. If you filed the lawsuit in state court, provide the name of the state and the county.)

3.   What was the case number of the previous lawsuit? ___ N/A ___

4.   What was the Judge's name to whom the case was assigned? ___ N/A ___

5.   What type of case was it (for example, habeas corpus or civil rights action)?
___ N/A ___

6.   When did you file the previous lawsuit? (Provide the year, if you do not know the exact date.) ___ N/A ___

7.   What was the result of the previous lawsuit? For example, was the case dismissed or appealed, or is it still pending? ___ N/A ___

8.   When was the previous lawsuit decided by the court? (Provide the year, if you do not know the exact date.) ___ N/A ___

9.   Did the circumstances of the prior lawsuit involve the same facts or circumstances that you are alleging in this lawsuit? N/A Yes N/A No

*(If you have filed more than one prior lawsuit, list the additional lawsuit(s) on a separate sheet of paper, and provide the same information for the additional lawsuit(s).)*

## IV.    EXHAUSTION

A.    Are the facts of your lawsuit related to your present confinement?

   ✓ Yes          ___ No

B.    If you checked the box marked "No" in question III.B above, provide the name and address of the prison or jail to which the facts of this lawsuit pertain. ___

   _N/A_

C.    Do the facts of your lawsuit relate to your confinement in a Tennessee state prison?

   ✓ Yes          ___ No

   *(If you checked the box marked "No," proceed to question IV.G. If you checked the box marked "Yes," proceed to question IV.D.)*

D.    Have you presented these facts to the prison authorities through the state grievance procedure?          ✓ Yes          ___ No

E.    If you checked the box marked "Yes" in question III.D above:

   1.    What steps did you take? Filed numerous grievances in accordance to policy

   2.    What was the response of prison authorities? Usually Ignored, went past the alotted response time, or found fault on the arrieved issues so much so it amounted to circumventing the grievance policy and procedures of the entire grievance system

F.    If you checked the box marked "No" in question IV.D above, explain why not. ___

   _N/A_

G.    Do the facts of your lawsuit pertain to your confinement in a detention facility operated by city or county law enforcement agencies (for example, city or county jail, workhouse, etc.)?          ___ Yes          ✓ No

H.    If "Yes" to the question above, have you presented these facts to the authorities who operate the detention facility? N/A Yes          N/A No

I.    If you checked the box marked "Yes" in question III.H above:

   1.    What steps did you take? _N/A_

2. What was the response of the authorities who run the detention facility? _____

N/A

J. If you checked the box marked "No" in question IV.H above, explain why not. _____

N/A

## V. CAUSE OF ACTION

Briefly explain which of your constitutional rights were violated:

Eighth Amendment rights, Due Process rights, Prisoner rights
Fifth Amendment rights, Fourteenth Amendment rights.
Cruel/unusual Punishment, Equal Protection of the laws.
See attached pages labeled: V, Cause of action

## VI. STATEMENT OF FACTS
Legal claims

State the relevant facts of your case as briefly as possible. Include the dates when the incidents or events occurred, where they occurred, and how each defendant was involved. Be sure to include the names of other persons involved and the dates and places of their involvement.

If you set forth more than one claim, number each claim separately and set forth each claim in a separate paragraph. Attach additional sheets, if necessary. Use 8 ½ inch x 11 inch paper. Write on one side only, and leave a 1-inch margin on all 4 sides.

See attached pages labeled: VI Statement of facts

VII.    RELIEF REQUESTED:  State exactly what you want the Court to order each defendant to do for you.

_____ *See attached Sheet labeled: VII Relief Requested*

I request a jury trial.    ✓ Yes    ___ No

VIII.    CERTIFICATION

I (we) certify under the penalty of perjury that the foregoing complaint is true to the best of my (our) information, knowledge and belief.

Signature: *Ja'Von Malone*    Date: 11·16·23
Prison Id. No.: #621812
Address (Include the city, state and zip code.): 140 Macon Way
Hartsville, TN 37074

Signature: _____    Date: 11·16·23
Prison Id. No.: #648380
Address (Include the city, state and zip code.): 140 Macon Way
Hartsville, TN 37074

**ALL PLAINTIFFS MUST SIGN AND DATE THE COMPLAINT**, and provide the information requested above.  If there are more than two plaintiffs, attach a separate sheet of paper with their signatures, dates, prison identification numbers, and addresses.

**ALL PLAINTIFFS MUST COMPLETE, SIGN, AND DATE SEPARATE APPLICATIONS TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**, if not paying the civil filing fee.

**SUBMIT THE COMPLAINT AND (1) THE REQUIRED FILING FEE OR (2) COMPLETED APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES AND COSTS TOGETHER.** Complaints received without the required filing fee or application to proceed without prepayment of fees will be returned.  Filing fees and applications to proceed without prepayment of fees  submitted without a complaint will be returned.

I.B          Defendants

3. Sargeant Cuebas
Core Civic - Trousdale Turner Correctional Center
140 Macon Way
Hartsville, TN 37074
Named in official and Individual capacity

4. Chief "John Doe"
Core Civic - Trousdale Turner Correctional Center
140 Macon Way
Hartsville, TN 37074
Named in official and Individual capacity

5. Officer Wilson
Core Civic - Trousdale Turner Correctional Center
140 Macon Way
Hartsville, TN 37074
Named in official and Individual capacity

6. U.A. Graham
Core Civic - Trousdale Turner Correctional Center
140 Macon Way
Hartsville, TN 37074
Named in official and Individual capacity

7. Lieutenant Batten
Core Civic - Trousdale Turner Correctional Center
140 Macon Way

I. B      Defendants

Hartsville, TN 37074
Named in *official* *and* Individual capacity

8. Director "John Doe"
Core Civic - Trousdale Turner Correctional Center
140 Macon Way
Hartsville, TN 37074
Named in *official and Individual* capacity

9. Assistant Warden Norman
Core Civic - Trousdale Turner Correctional Center
140 Macon Way
Hartsville, TN 37074
Named in official *and* Individual capacity

10. Chief Williams
Core Civic - Trousdale Turner Correctional Center
140 Macon Way
Hartsville, TN 37074
*Named in* *official and Individual* capacity

11. Chief Porter
Core Civic - Trousdale Turner Correctional Center
140 Macon Way
Hartsville, TN 37074

12. Unit Manager Weathers

I. B    Defendants

Core Civic - Trousdale Turner Correctional Center
140 Macon Way
Hartsville, TN 37074
Named in official and Individual capacity

13. Chief Swartz
CoreCivic - Trousdale Turner Correctional Center
140 Macon Way
Hartsville, TN 37074
Named in official and Individual Capacity

14. Case Manager Crawford
CoreCivic - Trousdale Turner Correctional Center
140 Macon Way
Hartsville, TN 37074
Named in official and Individual Capacity

15. Case Manager Gilliam
CoreCivic - Trousdale Turner Correctional Center
140 Macon Way
Hartsville, TN 37074
Named in official and Individual Capacity

16. Commissioner Frank Strada
Tennessee Dept. of Correction
320 Sixth Avenue North, 6Tn Floor Nashville, TN 37243
Named in official and Individual Capacity

I.B    Defendants

17. Bryon Ponds (Assistant Warden)
Core Civic - Trousdale Turner Correctional Center
140 Macon Way
Hartsville, TN 37074
Named in official and Individual capacity

## V. Legal Claims (cause of action)

Plaintiff's reallege and incorporate by reference paragraphs 1-69

All Defendants were deliberately indifferent to plaintiff's safety and wellbeing by collectively Subjecting plaintiff's to unlawful confinement conditions; retaliating against plaintiff's for institutional rule infractions; violating mail tampering laws; Subjecting Plaintiff's to 24-hour lockdown; not supplying Plaintiff's with adequate hygiene materials, grooming materials, Sanitation materials, changes of clothing, excercise periods, adequate food, and circumventing the institutional grievance Process allowing no remedies to issues at all, which created a totality of harsh conditions and amounted to a campaign of harrassment. Defendants actions caused plaintiffs to Suffer irreparable harm and injury including mental anguish, pain and Suffering, loss of Personal and Sentimental property, depression, humiliation, anxiety, emotional distress, decline of overall mental health, Psychological pain, deprivation of minimal civilized measures of life's necessities, exposure to abusive conditions, unnecessary rigor, and antithetical degradation to human dignity. Defendants actions were in violation of the fifth, fourteenth, and eighth amendmets of the U.S. constitution as well as T.C.A. 4-3-603, T.C.A. 4-3-606, T.D.O.C. Policy 506.16 and corecivic policy 14-4

## V. Legal Claims (cause of action)

By Defendants CoreCivic, Vantell, and Strada failing to adequately train and supervise subordinates, having knowledge of rights violations as well as confinement conditions, and failing to provide a remedy or an attempted remedy, their inactions led to Plaintiff's suffering physical injuries, trauma, pain and suffering, and emotional distress.

These inactions from Defendants CoreCivic, Vantell, and Strada violated and continues to violate plaintiff's eighth amendment, fifth amendment, and fourteenth amendments of the U.S. constitution.

By Defendants Cuebas, Wilson, Graham, and Batten using excessive force by assaulting and battering plaintiff Malone unjustly, without provocation, and while he was handcuffed behind his back, these actions caused plaintiff Malone to suffer physical injury, heightened post traumatic stress, extreme anxiety, and physical pain. By Plaintiff young witnessing this he suffered emotional pain and mental anguish. This was done in violation of the eighth, fifth, and fourteenth amendments of the U.S. constitution.

By Defendant Crawford manipulating the classification process with lack of due process and false information. Defendant Crawford's actions caused plaintiffs

# V. Legal Claims (cause of action)

extreme anxiety, and emotional pain.

By doing so Defendant Crawford violated Plaintiff's eighth, fifth, and fourteenth amendments of the U.S. constitution

By Defendant Williams personally over-seeing, investigating, and escorting Plaintiff's to segregation housing without property and failing to afford plaintiffs their personal property with Knowledge in the entirety, his actions caused plaintiffs to suffer loss of personal/sentimental property, extreme mental degradation, humiliation, antithetical degradation to human dignity, serious psychological pain, deprivation of minimal civilized measure of life's necessities, exposure to abusive conditions, and unnecessary rigor, and was done in retaliation for violating facility rules

By Core Civic (Defendant) repeating negligent acts that disclosed a pattern of conduct and systematic deficiencies in training, supervision, staffing, and resources. and failing to remedy this conduct, Defendant Corecivic's inactions caused Plaintiff's serious psychological pain, unnecessary rigor, and pain and suffering. Despite Knowledge of treatment and conditions Corecivic company Supervisors and other staff were never reprimanded or order to comply with federal laws which violates Plaintiff's eighth amendment (rights).

## V. Legal Claims (cause of action)

By Defendants Core Civic being deliberately indifferent to Plaintiff's Prisoner rights, human rights, as well as constitutional rights and mental and emotional wellbeing despite numerous letters, emails, and phonecalls discussing harsh conditions and harsh inhumane treatment at the hands of corecivic staff, Defendant Corecivic caused plaintiff's to suffer lifelong irreparable injuries including extensive trauma, emotional pain, mental anguish, and heightened post traumatic stress in violation of plaintiff's eighth amendment of the U.S. constitution.

By Defendant Strada failing to adequately monitor and prevent harm of all T.D.O.C. Prisoners including plaintiff's, despite receiving numerous letters and grievances about issues and conditions at plaintiff's housing facility. Defendant Strada was deliberately indifferent to plaintiff's safety and wellbeing as well as mental health. These actions caused plaintiff's pain and suffering which, violates plaintiff's fifth, fourteenth, and eighth amendments of the United States constitution.

## Ⅴ. Legal claims (cause of action)

By Defendant Chief "John Doe" being aware of plaintiff's ongoing deplorable conditions and inhumane treatment from staff as well as a lack of essential hygiene items and changes of clothing, acknowledging and suggesting a remedy and failing to adhere to it, as a Superior Defendant Chief "John Doe" failed to perform his duties and furthered and facilitated an environment shocking to the conscience and his inactions caused plaintiff's harm to the extent of depression, humiliation, emotional pain, lifelong trauma, and heightend anxiety which violated plaintiff's eighth amendment rights.

By Defendant Wilson participating in and not intervening in an assault against Plaintiff Malone, as well as being deliberately indifferent to plaintiff's safety, wellbeing, hygiene, and mental health status despite having extensive knowledge of deplorable conditions and risks as well as retaliation from co-workers to Plaintiff's without reporting unlawful conduct and conditions Defendant Wilson's actions and lack thereof caused defendants irreparable harm such as lifelong trauma, physical pain, emotional abuse, mental anguish, anxiety

## V. Legal Claims (Cause of action)

humiliation, and antithetical degradation to human dignity. Defendant Wilson repeatedly conducted behaviors that furthered this treatment to plaintiff's and failed to perform basic Job duties. This violated Plaintiff's eighth, fifth, and fourteenth amendment rights of the U.S. constitution.

Defendant Graham participated in an assault on Plaintiff Malone while handcuffed and instead of intervening and protecting Malone, Defendant Graham abandoned the encounter even though he was aware of the risk. By doing so Defendant Graham failed to perform basic Job duties and facilitated neglect, abuse, and assault against Plaintiff's. Defendant Grahams actions in the assault and inactions of performing Job duties caused Plaintiff's humiliation, emotional pain, Physical pain, heightened anxiety, lifelong trauma, suffering, and mental anguish. This violated plaintiff's eighth, fifth, and fourteenth amendments of the U.S. constitution.

By Defendant Batten assaulting Plaintiff Malone and ordering subordinates to participate despite Malone being handcuffed. Defendant Batten's actions failed to perform basic Job duties and caused Plaintiff's Physical pain, mental anguish, emotional pain, lifelong trauma, irreparable anxiety, and a drastic decline of

## V. Legal Claims (cause of action)

mental health. This violated plaintiff's fifth, fourteenth, and eighth amendments of the U.S. constitution.

By Defendants collectively conspiring and acting in concert to deny plaintiff's recreation, excercise, adequate hygiene, sanitation, adequate grooming, adequate sleep, adequate mental healthcare, adequate medical care, personal property, due process rights, equal protection of the law, administrative remedies, safety, and doing so for an extended period of time despite extensive knowledge of actual harm and risk of harm, and being deliberately indifferent to the extremities of confinement conditions, and behaviors and practices especially shocking to civilized society's conscience, Defendants actions and failure to perform necessary job duties resulted in Plaintiff's lifelong pain and trauma, suicidal ideations, extreme mental health decline, extreme anxiety, emotional distress, mental anguish, suffering, humiliation, deprivation of minimal civilized measure of life's necessities, unneccessary rigor, and physical pain which in turn violated Plaintiff's fifth, fourteenth, and eighth amendments of the U.S. constitution.

## V. Legal Claims (cause of action)

By Defendant Norman being aware of plaintiff's ongoing deplorable conditions and inhumane treatment from staff as well as a lack of essential hygiene items and changes of clothing, being aware of Plaintiff Malone being assaulted and battered by staff unlawfully while Malone was in handcuffs, and communicating with Plaintiff's families, on behalf of corecivic and TTCC, furnishing them with untruthful concocted stories known to be false at the time while never providing a remedy or attempting to provide a remedy, as an assistant warden Plaintiff Norman acted with deliberate Indifference and failed to perform her Job duties in ensuring plaintiffs' wellbeing and safety. Defendant Norman's actions and lack thereof caused plaintiff's harm to the extent plaintiff's suffered depression, humiliation, emotional pain, lifelong trauma, and heightened anxiety which violated plaintiff's eighth amendment rights of the U.S. Constitution.

By Defendant Porter, being aware of plaintiffs' ongoing deplorable conditions and inhumane treatment from staff as well as a lack of essential hygiene items and changes of clothing, while never providing a remedy or attempting to while being a chief he acted with deliberate indifference and failed to perform

## V. Legal Claims (cause of action)

necessary Job duties, Plaintiff Porter's inactions caused plaintiff's to suffer depression, humiliation, emotional pain, lifelong trauma, physical harm, and heightened anxiety which violates plaintiffs' fifth, fourteenth, and eighth amendment rights of the U.S. constitution.

By Defendant Gilliam opening Plaintiffs' legal mail outside of their presence and after several disputes about the matter, retaliating against Plaintiff Young by deactivating his telephone pin number, and refusing to activate it back right away, defendant Gilliam's actions displayed deliberate indifference and retaliation for quoting policy and being corrected for her lack thereof, and caused plaintiffs to suffer depression, anxiety, mental anguish, lifelong trauma and emotional pain which violates plaintiff's fifth, fourteenth, and eighth amendment rights of the U.S. constitution.

By Defendant Director "John Doe" being aware of Plaintiff's deplorable conditions and inhumane treatment from staff as well as a lack of essential hygiene items and changes of clothing, Defendant Director "John Doe" was deliberately indifferent to Plaintiff's safety and wellbeing by not acting to remedy Plaintiff's circumstances. Defendant Director

## V. Legal Claims (cause of action)

the extent plaintiffs suffered physical pain, lifelong trauma, inmiliation, anxiety, mental anguish, and antithetical degradation to human dignity which violated Plaintiff's fifth, fourteenth, and eighth amendments of the U.S. constitution.

By Defendant Swartz, being aware of plaintiff's deplorable conditions and inhumane treatment from staff as well as a lack of essential hygiene items and changes of clothing, Defendant swartz was deliberately indifferent to Plaintiff's safety and wellbeing by not acting to remedy plaintiff's circumstances. Defendant Swartz's inactions caused plaintiff's harm to the extent plaintiff's suffered physical pain, lifelong trauma, humiliation, anxiety, mental anguish, and antithetical degradation to human dignity which violated Plaintiff's fifth, fourteenth, and eighth amendments of the U.S. constitution.

By Defendant Weathers, being aware of plaintiff's deplorable conditions and inhumane treatment from staff as well as a lack of essential hygiene items and changes of clothing, Defendant weathers was deliberately indifferent to plaintiff's safety and well-being by not acting to remedy plaintiff's circumstances. Defendant weathers inactions caused plaintiff's harm

## V. Legal Claims (Cause of action)

lifelong trauma, humiliation, anxiety, mental anguish, and antithetical degradation to human dignity which violates Plaintiff's fifth, fourteenth, and eighth amendments of the U.S. constitution.

Plaintiff's have no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff's have been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the relief which plaintiffs seek.

The confinement conditions plaintiffs have been subjected to as well as the inhumane treatment from corecivic staff are in violation of Hicks V. Frey (992 F. 2d 1450, 1457 (6Th cir 1993), Wilson V. Seiter (501 U.S. 294, 300, 303, 111 S. Ct 2321 (1991)), Parrish V. Johnson (800 F. 2d 600, 605 (6Th Cir 1986), Hill V. Marshall (962 F. 2d 1209, 1214 (6Th Cir 1992), Fisher V. Koehler (692 F. Supp at 1562), Hadix V. Johnson (367 F. 3d 513, 526 (6Th Cir 2004), Carver V. Bunch (946 F. 2d 451, 452 (6Th cir 1991), Estate of carter V City of Detroit (408 F. 3d 305, 312-313 (6Th Cir 2005) as well as the fifth, fourteenth, and eighth amendments of the U.S. constitution.

## VI. Legal Claims

By Defendant Ponds having knowledge of rights violations as well as poor confinement conditions, taunting Plaintiffs about reporting confinement conditions to commissioner, circulating memos creating hostile environment, and subjecting plaintiff's to double jeopardy of personal property loss, without providing a remedy or attempted remedy to fix any of these issues. Defendant Ponds actions led to plaintiff's suffering trauma, emotional pain, mental anguish, anxiety, and unnecessary rigor. This was done in violation of the eighth, fifth, and fourteenth amendment of the U.S. constitution.

By Defendant Ponds restricting commissary for retaliation purposes, doing it in direct correlation for providing inmates with basic hygiene essentials, and done as a penalty for exposing lack of hygiene materials. Defendant Ponds actions led to plaintiff's suffering trauma, emotional pain, mental anguish, anxiety, and unnecessary rigor. This was done in violation of the eighth, fifth, and fourteenth amendments of the U.S. constitution.

# VI. Statement of facts

① At all times relevant to this case, plaintiff's shared a cell at Trousdale Turner Correctional Center (Alpha-Bravo "111")

② Plaintiff's were brought to Segregation on 07.24.23 following an altercation between numerous inmates where one inmate sustained serious injuries where plaintiff's were determined to have been involved in.

③ As a result plaintiff's were transfered to Segregation without their personal property into a filthy cell with no mirror, desk, shelves, mattress, hooks, sitting area, and no view outdoors. (GRIEVANCE ATTACHED) See Exhibit D

④ Plaintiff Young was denied adequate medical care for a stab wound on the back of his left hand sustained during altercation. Staff did not transport him to medical staff to receive stitches and the excuse being that the stitches wouldn't be taken out in time due to staff carelessness.

⑤ Cleaning supplies were denied despite filthy cells.

⑥ Cell "111" lightswitch was inoperable so the lightswitch stayed on 24/7, which deprived sleep.

⑦ The sink had extreme water pressure and wet the floor every use, which kept the cell moist and mildewy.

⑧ As a result of lack of property plaintiff's didn't have a change of shirts, pants, sock, or boxers until 8.14.23 which is 21 days wearing the same clothes, not given any.

# VI. Statement of facts

(9) Plaintiff's also lacked ALL hygiene materials necessary to maintain adequate hygiene including razor **use**, Towel, washcloth, Soap, toothpaste, and deodorant, and staff never Provided a remedy.

(10) Plaintiff's were denied out of cell excercise and recreation, both indoor and outdoor recreation.

(11) Plaintiff's were subjected to 24 hour lockdown times inside of their cell, with no options for any activities.

(12) Plaintiff's were denied an **adequate** amount of oppurtunities to Shower, as well as cold showers. Despite repeatedly asking officers.

(13) Plaintiff's were denied access to adequate grooming such as razor use and barber services.

(14) Plaintiff's were served food at improper temperatures and shelf-life times.

(15) No adequate security rounds were ever conducted to ensure plaintiff's safety and wellbeing.

(16) Plaintiff Malone was assaulted by Defendants Cuebas, Batten, Graham, and Wilson on 7·31·23 in an attempt to speak to a Supervisor and retrieve personal property (GRIEVANCE ATTACHED) See Exhibit H

(17) Legal mail was opened outside of plaintiffs' presence by staff member Passing it out. Plaintiff's were put on unofficial mail restriction (Correspondence with mail room attached) See exhibits V, W, X, Y, Z, AI, BI, CI, DI, EI, FI, GI, HI

# VI. Statement of facts

(18) Plaintiff Young's phone pin was deactivated by Defendant Gilliam after disagreement of opening legal mail outside his presence, as retaliation (See attached) Exhibit

(19) Numerous grievances were filed pertaining to harsh treatment and confinement conditions, responses were in most cases never provided, denied, or answered in an untimely manner, appeals were submitted and denied grievances were corrected or appealed and all appeals were ultimately ignored. (See attached) Exhibit

(20) Plaintiff's were subjected to live in cells that the lights were completely out for days at a time, in complete darkness to officers knowledge

(21) Plaintiff's property packages were held for more than 48 hours (See attached) exhibit L.I

(22) Policies for segregated inmates was not adhered to. (See attached) exhibit C

(23) Plaintiff's segregation log was falsified by staff with information known to be false at the time, daily.

(24) Plaintiff's were reclassified to a custody level of higher security with no due process and false information, known to be false at the time, (See attached) Exhibits N, O, P, Q, S, U

(25) Plaintiff's were held in punitive segregation for 30 days then reclassified to close security which awards more privileges but

# VI. Statement of facts

Plaintiffs' situation did NOT change whatsoever.

(26) Plaintiff's were not afforded the oppurtunity to purchase hygiene items from commissary to include hair care products, skin care products, over the counter medications, and normal hygiene essentials like bars of soap, shower shoes, toothpaste, mouthwash, shampoo, or fingernail clippers to maintain adequate hygiene (See attached) Exhibit MI

(27) Plaintiff's were forced to purchase stamps at a usurped rate that was not the price of actual U.S. postal stamps but above that price. (See attached) Exhibit MI

(28) Plaintiff's were subjected to inadequate medical care as sick calls were not being answered and medical evaluations were not conducted, even after complaints to officers and nurses.

(29) Plaintiff's personal property was recklessly abandoned and lost property forms ignored. On 8.7.23 Plaintiff's spoke with Defendants Vantell and @ 11:19am Managing Director John Doe about the issue of being housed in segregation for 2 weeks without property. Defendant Managing Director John Doe asked plaintiff's about their segregation status and determined plaintiff's are on punitive segregation and concluded that plaintiff's should not be treated cruelly and Defendant Vantell replied

# VI. Statement of facts

that if plaintiff's werent acting like heathens that Plaintiff's would not have had a chance to be seperated from plaintiff's personal Property. Defendant Managing Director John Doe then took photos of plaintiffs' cell number and segregation logs. Plaintiff's were then told the issue will be solved, and it never was.

(30) On 08·06·23 @ about 11:45am, Plaintiff's informed Defendant Cuebas of plaintiff's ongoing situation of lack of personal property and dilapidated filthy cell conditions. Plaintiff's also asked and was denied a grievance form and sick call form In response Defendant Cuebas blew out a breath and kept walking, ignoring Plaintiff's

(31) On 08·06·23 @ about 2:30pm, plaintiff's stopped Defendant Cuebas and explained that they see him the most and their personal property issue is still ongoing. He stated it's not his fault but he will call our previous housing unit. Nothing was ever done to resolve plaintiff's lack of property

(32) On 08·07·23 @ about 9:45am, Plaintiff's stopped Defendant Cuebas about their living conditions and lack of property and reiterated that it's ongoing under Defendant Cuebas supervision Defendant Cuebas stated it was out of his control without ever notifying his superiors, Or adhering to his duties and reporting complaints and providing remedies to serious issues.

# VII Statement of facts

(33) On 08·11·23 @ lunchtime, Plaintiff's stopped Defendant Cuebas to request he notify his supervisor on behalf of plaintiff's to which he ignored for less important logistical concerns, despite the emergency nature.

(34) On 08·12·23 @ lunchtime, Plaintiff's asked Defendant Cuebas about the status of laundry replacement forms as plaintiff's entrusted them to Defendant Cuebas's care to which he expressed lack of action in obtaining required materials. He never brought Plaintiff's requested items.

(35) On 08·17·23 @ lunchtime, Plaintiff's expressed a need for the bare minimum of rights guaranteed by law to Defendant Cuebas to which he never made an initiative to remedy them or notify his supervisors on plaintiff's behalf, nor follow Policy.

(36) On 08·20·23 @ about 10:00am, Defendant Cuebas spoke with plaintiff's about the lack of showers, phone, rec, and cleaning supplies to which his only remedy was to pacify plaintiff's with false hopes that things will get better in the future without taking any steps to help at all.

(37) On 08·21·23 @ P.M. shift change, Defendant Cuebas informed plaintiff's that they once again are not receiving showers as scheduled because "time ran out.

(38) On 08·22·23, Defendant Cuebas was made aware by Plaintiff's all of the remedies they've

# VI. Statement of Facts

exhausted on a quest to maintain life's basic necessities such as exercise and hygiene to which Defendant Cuebas didn't fix or notify his supervisor of conditions as requested he do so by plaintiffs'.

(39) On 08·22·23 @ Dinner time, Defendant Cuebas left plaintiffs' in shower for over 3 hours and went home. The next shift retrieved plaintiffs' @ 8:18 pm. Done as a punishment for repeated requests for a shower and as a future deterance to want a shower. The shower has a locked cage door and only has 4 sq. ft. of floor space with no sitting area or access to bathroom facilities. It's also wet and gnat infested.

(40) On 10·27·23 @ about 10:00am (5 minutes before count) A.W. Ponds spoke with plaintiffs' after over hearing a conversation with L.t. Carter that they were having about RHU accomadations per policy. Plaintiff's stated to L.t. Carter that policy was not being followed and what were their options to change that. Defendant Ponds then proceeded to verbally abuse and harrass Plaintiff's all to the effect of "deal with it" and "if you dont like what's going on in Alpha building you should've thought about that beforehand" only to ask our names and acknowledge recognition of them in relation to filing "Pointless" grievances and writing to the commissioner

# VI Statement of facts

Defendant Ponds then continued on stating to plaintiff's that their complaints dont amount to anything because TTCC is a "Medium" facility and since plaintiffs are "Close security" which TTCC does not house we're technically "Pending transfer" So they dont have to adhere to any "Close security" Policies. Plaintiffs asked why was transfer pending so long and it looks as if this is yet another process being circumvented as it is well known here at TTCC that anyone on "Close Security" practically never gets transfered. Plaintiff Ponds ended the conversation by laughing and saying "thank the "R.C.A.'s" but goodluck catching a bus out of here before your "close security" time is up So get comfortable" Plaintiff's asked Defendant Ponds his name and title as it was not visible on his waist then he ignored plaintiff's and walked off and stated " Tell the commissioner that."

(41) On 08·06·23 @ 1:30pm, Defendant Chief John Doe was conducting a round when stopped by plaintiff's and heard about their conditions and situation to which he provided a remedy, obtained our names, tomis #, and sizes of clothing only to never return or make true on his proposed remedy.

# VI. Statement of facts

(42) On 08·09·23 about an hour after lunch, Defendant Porter and a TDOC uniformed White male, about 6"4' and 350 lbs, came through and were taking notes. We stopped them begging to get help then Plaintiff's explained their situation and gave Defendant Porter their info. He expressed great concern only to never help plaintiff's though he knew greatly of their conditions.

(43) On 08·27·23 @ about 1:15 pm, Defendant Crawford came to plaintiff's door informing them of their reclassification. Plaintiff Malone initial response was "How is this happening with no 48 hour notice and how are you discussing the final reclass when we never participated in such?" Defendant Crawford immediately became unproffessional and hostile, had an aggressive attitude and stormed off. Plaintiff Young then got Defendant Crawford to return as she had only went next door. He begged her to come back and she did so. As Crawford began discussing young's reclass, when it came to a point where the facts were not accurate Young voiced this, only to be disrespected and Crawford stormed off yet again. Crawford never allowed plaintiffs' copies, the right to appeal, or the right to sign and plaintiff's never refused. They wrote to chief Williams and Warden Vantell about the issues, they never got responses and Crawford never returned.

# VI. Statement of facts

(44) On 08.10.23 @ 12:05pm, Defendant Norman conducted a walk-thru and when Plaintiff's stopped her asking about receiving recreation and showers Defendant Norman Stated "I dont care about any of that as long as 3 meals are pushed through here everyday." As Norman said this she hit plaintiff's window with flashlight for dramatic effect. Norman then rudely departed,

(45) On 08.12.23 @ about 10:00am, Defendant Norman conducted a round and plaintiff's stopped her at their door to inquire about their personal property and when they will receive it as She (Norman) was in contact with plaintiff's families and lied to them to the effect that plaintiff's had received their personal property. Norman Stated "She had the little light skin girl check twice and it wasn't there, so fill out a lost property form to make it easier on everyone because She's tired of hearing about the situation." As she was saying this she gestured a short person's height with her hand. Plaintiff's then asked why haven't they received showers in so long and no excercise period since 07.24.23. Norman stated "Yall sure do ask for alot" then left.

(46) On 08.14.23 @ 10:07am, Defendant Swartz was observing cells. When Swartz arrived to plaintiff's door Plaintiff's asked his name and title to which Swartz was reluctant to provide. Swartz then

# VI. Statement of facts

Stated hesitantly, "I'm a chief of Security and Intelligence from corporate and my names Swartz", Plaintiff's asked "do you spell that S-C-H-W-A-R-T-Z?" to which Swartz replied "No it's Jewish it's spelled S-W-A-R-T-Z" Plaintiff's then proceeded to express numerous complaints one being that they haven't received showers in 9 days, before they were able to finish Swartz immediately interJected and stated "If I check milestone (CCTV) and y'all are lying im writing the 2 of you up." Plaintiff's quickly replied "Don't only check milestone, but go ahead and read our Segregation logs that are posted right in front of you while you at it." Swartz then nodded and stated "Im here because I investigate complaints" Plaintiff's then discussed not having rec Since 07.24.23 and wearing the same clothes since then also, because plaintiff's dont have changes of clothing, Swartz took notes on a clipboard and left but never remedied plaintiff's issues.

(47) On 08.24.23 @ lunchtime, Defendant Swartz came into Alpha-Bravo to pass out trays as lunch had Sat outside the pod too long. Swartz appeared and displayed anger and irritation because of this. When he arrived to plaintiff's door he loudly Stated "I have nothing to Say about any of y'alls questions, I dont work here and im only in here to pass out trays and nothing else." In response to plaintiff's cries for help,

## III. Statement of facts

(48) On 08·06·23 @ 3:12pm, Defendant Wilson and Sgt. Holmes were counting when plaintiff's stopped them to inquire about bettering their cell's conditions and personal property. Before plaintiff's could ask Defendant Wilson anything he quickly asked "Is this about y'alls property?" as plaintiff's asked so much Wilson knew them for that, it had become a regular routine. Wilson then told plaintiff's that he wouldn't be able to go get it and Bravo Building was "too hectic and chaotic" and the last time he visited Bravo Building an officer was stabbed and he doesn't know how plaintiff's live their, but he wants no parts of it. Plaintiff's still gave him a written note with their info on it just in case.

(49) On 08·08·23 @ lunchtime, Plaintiff's encountered Defendant Wilson and asked about their cell conditions and property situation. Wilson told plaintiff's that at this point he doesn't know what to do about it. Plaintiff's then asked to speak with chief Williams but was told he was busy so they asked if Wilson could relay the message. being that chief Williams said he knew the whereabouts of plaintiff's property because he personally stored it in the property room.

(50) On 08·08·23 shortly after lunchtime, Maintenance did a walk-thru and Plaintiff's informed them of the light switch being inoperable, which keeps the light on

## VI. Statement of facts

(51) On 08.08.23 @ dinner time, Defendant Wilson was passing trays when Plaintiff's asked about Defendant Williams reply to there earlier inquiries. Wilson informed Plaintiff's that "it slipped his mind", Plaintiff Malone then stuck his arm out of the tray flap in protest of Wilson closing it before reporting plaintiffs conditions and situation to his supervisor, more specifically Defendant Williams. Wilson immediately stated "Fuck your shit, I hope you never get it." Plaintiff Malone asked Wilson why was the language and disrespect neccessary and why was he so emotionally and personally invested in a Job that Wilson chooses as his career field. Wilson then stated "Fuck your shit bitch, You think you're more intelligent than me and you're trying to treat me like i'm a hoe or something." Malone asked where all this is coming from that he's not interested in the back and forth that Plaintiff's need help and have been extremely patient. Wilson then stated "You're a bitch and I will pull this tray cart back in front of your door, take a tray and bash your arm." Malone laughed and stated "You're not being professional" Wilson angrily replied "Fuck respect and being proffessional, write a grievance then." Malone stated "If this Job is so personally draining you should find a new Job." Wilson replied "Fuck you and this Job, child supports taking my money

## VI. Statement of facts

anyways and by the way yall are'nt getting the phone and I will take this as far as you wanna go with it and I dont care if y'all are gang affiliated Kuz yall have a false sense of power." Malone then stated "If it would make your day go better and faster since it's taking so long for a response I'll pull my arm back in." Wilson locked the tray flap and continued passing trays then got to cell 112 and walked back to plaintiff's door and said "yall are still Some bitches."

(52) On 08·09·23 @ lunchtime, Defendant Wilson half-heartedly came close to an apology without actually saying "im sorry" but did admit he was "wrong" and his behavior was "out of character" and not something he "normally" does and stated that "I was just frustrated" "Yall have to realize we're at a facility that doesn't do shit that doesn't have to be done and most of the time we don't have the training to get things done so it gets passed off to the next person until someone finally deals with it." Wilson then walked off.

(53) On July 24 to July 27, Plaintiff's were forced to sleep in a filthy, cold, wet cell, that light stayed on for 24 hours on a bare steel bunk with no mattress, blanket, sheets, or any hygiene products or a change of clothes. On July 27, a mattress and sheet was provided

## VI. Statement of facts

(54) On 11·02·23, Plaintiffs were relocated within T.T.C.C. to Alpha-Echo cell 211 to be housed with other inmates of the same classification, though conditions are identically deploring and inhumane.

(55) On 11·03·23, Plaintiff's spoke with maintanence and chief carter about extremely low cell temperatures and exposed wiring sticking loosely out of the wall that appears very dangerous. Plaintiffs were told that the "heat was cut all the way up" by chief Carter. When extra blankets were requested Plaintiffs were told "no". Maintanence worker assured plaintiff's though the exposed wires were extremly dangerous and should be connected to a wall plug outlet as that is what it powered, they're completely harmless right now because they're not "hot" because all power to Alpha building except the lights were ordered to be turned off by Warden Vantell.

(56) On 08·13·23, Wilson was passing out dinner trays and though Plaintiff's window was obstructed and displayed a sign that stated "We need the phone, we need showers, we need rec, stop violating our rights" Defendant Wilson ignored plaintiff's request, failed to notify a supervisor, and told plaintiff's they waited too late to ask.

# VI. Statement of facts

(57) On 08·13·23 @ P.M. med pass, Defendant wilson stated to plaintiff's "Showers were supposed to be given today, but being that an officer left on a medical transport, we couldn't do them because ever since an officer was taken hostage last week we were instructed to run showers only when 2 officers are present. Plaintiff's asked why inmates hear excuses on a daily basis of officers short comings and this is day 8 of no showers and rec has never been offered.

(58) On 08·18·23 about 15 minutes after lunch, Defendant wilson escorted Plaintiff's to the shower. Plaintiff's were never provided any soap to shower despite repeated request and soap isn't sold on commissary either. Defendant wilson then stated to plaintiff's "I looked everywhere and couldn't find any soap, sorry guys but at least y'all got to play in the water."

(59) On           Defendant Gilliam, opened plaintiff young's mail (legal) outside of his presence. When asked of this Gilliam became irate, began cussing and yelling about how "She aint gotta give us shit at all", then stated "Since you want to get an attitude, dont ask me for nothing, and im blocking your phone pin since you want to be disrespectful.

# VI, Statement of facts

(60) On 08·10·23 @ dinner time, Defendant Weathers was passing out dinner trays and signing segregation logs. Plaintiff's stopped her and asked her if she could radio chief williams about ~~xxx~~ property situation. Plaintiff's had on ALL the same clothes for 17 days and counting. Plaintiff's explained this to her and she looked in to see plaintiff's were in an empty dirty cell. Weathers failed to improve plaintiff's deplorable conditions, notify a Supervisor, and supply plaintiff's with adequate hygiene and clothing but still signed off on segregation logs that plaintiff's were in a good wellbeing which was false.

(61) On 08·07·23 about 20 minutes after dinner we encountered, Defendant Chief williams as he was conducting a walk through and stopped him at our door. In a rushed conversation we addressed the property situation considering he personally escorted plaintiff Malone out of B-B, so he was responsible for securing his property and sending it with him. He stated that he took the property to the property room and that he would grab it and bring it to him tomorrow. ~~xxx~~ Defendant Chief williams never returned with any of the plaintiff's property.

## VI. Statement of facts

(62) On 08·09·23 @ 2:26 pm During pm Med pass the plaintiffs' encountered, Defendant chief Williams again and reminded him of the promise he made in regards to the plaintiffs' property. Defendant chief Williams again confirmed He knew where our property was and that he would be bringing it today. Defendant chief Williams never returned.

(63) On 08·10·23 @ Count time Mid Day, Defendant chief Williams was Conducting Count, and when he got to the plaintiffs' left plaintiff Malone practically begged him for our property. Yet again Defendant chief Williams failed to produce the plaintiff's property, But made assurances that he would, and made excuses why he didn't.

(64) On 08/11/23 shortly after Lunch time, Defendant chief Williams was again Making a round and the plaintiff's Called him to there Cell door. At this time Defendant chief Williams, accompanied By an inmate worker, brought the plaintiffs 1 towel, 1 washcloth, 2 T-shirts, and 2 pair of Underwear apiece. Neither the T-shirts or the Underwear was the proper, Fitting size for either of the plaintiffs. Defendant chief Williams provided no explanation.

## VI. Statement of facts

(65) On 08·14·23 @ about 10:10am the plaintiffs' again encountered Defendant Chief Williams, when he approached the plaintiffs cell he was stopped again to ~~scream~~ inquire about several issues. Plaintiffs asked about showers, recreation, and the Missing property, Plaintiffs complained about going 9 days without showers, No recreation, Lost property, and how we shouldn't have to beg for our rights. Defendant Chief Williams responded matter of factly, and stated that "this was the punishment for making him do paper work" then the Defendant Walked off.

(66) On 08·14·23 @ about 2:30pm to 4:30pm the Defendant Chief Williams and Sgt. Blakemore arrived at the plaintiff's cell to provide them their Long over due shower. Instructing the plaintiffs to take down the sign in the window that states, "We need the phone, we need a shower, we need recreation, and stop violating our rights." The plaintiffs were then escorted to the showers cuffed. when the plaintiffs arrived back to their cell they found two brand new bags of state property, short of everything needed but something. Other than Being left in the showers two hours and their cell being "Shock Down" the day yeilded results.

## VI. Statement of facts

(67) ON 08-21-23 @ 10:50am the Plaintiff's again encountered the Defendant Chief Williams and again the Plaintiff's voiced their complaints, expressed their concerns, and inquired about several pressing issues. The Defendant Chief Williams was asked about plaintiff's lost property, lack of response to sick calls, update on lost/Damage property Claims filed, Plaintiff's scheduled release from segregation, and the Due process of the plaintiff's being violated with threats to be put on "close". Considering no policies or procedures are being followed the plaintiff's voiced these issues to the Defendant chief williams. All of the Defendant chief williams responces were of the complete disregard of the Plaintiffs complaints or rights, In a retallitory manner and auna the Defendant chief william's Ensured the Plaintiffs they were going on close regardless of the violations made in the process of getting it Done.

(68) ON 08-22-23 @ an unknown time, The Plaintiffs, briefly protested in a Non-Violent Manner to communicate their concerns. During this time signs were already in the window stating "We need the phone, we need showers, we need recreation, and we need Cleaning supplies, Stop Violating our rights!" The Defendant Chief williams was Challenged to address

# VI. Statement of facts

the situation because plaintiffs were refusing to allow their pie-flap to be closed untill they spoke to a supervisor. The Defendant chief williams arrived at the Plaintiffs cell with his phone out recording the interaction. The Plaintiff's complied with all Directives made by the Defendant. After Hearing the Complaints of the Plaintiffs. the Defendant chief williams voice that "nobody gets recreation and yall not either". Along with staff the Defendant chief williams was deliberately Indifferent to the polices, rules, regulations, procedures, and rights being violated on a daily basis.

(69) on 08·25·23 @ about 10:20am the Defendant chief williams was Making a round and was stopped by the Plaintiffs. The Plaintiffs were again inquiring about their disciplinary time not ending after the 30th day. The Defendant stated "Im not letting yall out the hole at all." The Defendant Continued stating "Yall going on close. A reclass is coming up." The Plaintiff's responded explaining how that violates ~~their process~~ their due process Considering their past their disciplinary time and Not classified to "Close" yet but still being kept in the hole. The Plaintiffs Continued to voice other Complaints and the Defendant chief williams cut the conversation short walking off.

## VII. Relief Requested

A. We request that our violated rights are restored via an institutional transfer to a None - CoreCivic Facility within Tennessee

B. We request that all defendants no longer be allowed to obtain gainful employment in the correctional field or any other field that requires a high level of ethics and/or morals where individuals rely on them for an overall safe wellbeing.

C. We request that CoreCivic no longer be allowed to operate in any capacity in the entire state of Tennessee.

D. We request that all defendants be ordered to pay punitive and compensatory damages in the amount of $4 million to plaintiff's for Physical, mental, and emotional pain, suffering, and trauma as well as evil intent.

E. And for any such further relief this court deems Just and proper.

# Memorandum of Law

① Defendants violated the fifth, eighth, and fourteenth amendments by subjecting us to harsh cell conditions, hostile environment, denying us adequate hygiene items; grooming; changes of clothing; cleaning Supplies; recreation; and adequate healthcare, by subjecting us to a totality of these cruel circumstances over an extended time period while constantly putting us in Jeopardy of life, limb, liberty, and property without due process of law or Just compensation and denying us and other similiarly situated Segregated inmates equal protection of the law while deliberately inflicting irreparable physical, mental, and emotional pain on us and continuing to do so.

② Defendants violate the fifth, eighth, and fourteenth amendments when they act with deliberate indifference to a prison condition that exposes a prisoner to an unreasonable risk of Serious harm; When they subject prisoners to double Jeopardy of life or limb and deprive prisoners of life, liberty, and property without due process of law; while denying prisoners, Specifically segregated prisoners, equal protection of the law and Just compensation.

③ As we wrote in our complaint, upon being sent to Trousdale Turner Correctional Center's (T.T.C.C.) restricted housing unit, we were placed in filthy, wet, cold, hardened cells with no bedding, hygiene items, clothes, or other essential property. With a lack of showers, no grooming, no recreation whatsoever, and 24-hour lockdown from July 24, 2023 to present day.

# Memorandum of Law

We've exhausted institutional grievance system and mostly receiving no responses, tampered grievances and appeals, and denied grievances and appeals so much so that it amounted to a circumvention of the institutional grievance process. We've sent letters to Assistant Attorney General Kristen Clarke of the U.S. Justice Department, Center for constitutional rights, Commissioner Frank Strada, American Civil Liberties Union, T.D.O.C assistant commissioner, T.D.O.C. office of investigation and compliance, Post Master General, Administrative conference of the U.S., National lawyers guild, Prison activist resource center, and the National office of critical resistance. in an attempt to provide our own remedies, and despite these efforts our situation has not improved and we continue to suffer irreparable harm in the same conditions.

(4) Defendants refusal to remedy the totality of conditions and deliberately not doing so despite knowledge of circumstances amounts to an unreasonable risk of serious harm and jeopardy of life, limb, liberty, and property without just compensation or equal protections and due process of law in violation of the fifth, eighth, and fourteenth amendments. For this reason, any motions to dismiss our case should be denied and during the time it takes to settle our case preliminary injunctions should be granted on our behalf.

# Memorandum of Law

(5) In support of our case, we rely on the precedence of prior cases: HELLING V. McKINNEY 509 U.S. 25, 33 (1993); HICKS V FREY 992 F.2d 1450, 1457 6Th CIR (1993); WILSON V. SEITER 501 U.S. 294, 300, 303, 111 S.Ct 2321 (1991); PARRISH V. JOHNSON 900 F.2d 600, 605 6Th CIR (1986); HILL V. MARSHALL 962 F.2d 1209, 1214 6Th CIR (1992); FISHER V. KOEHLER 692 F. Supp at 1562; HADIX V. JOHNSON 367 F.3d 513; 526 6Th CIR (2004); CARVER V. BUNCH 946 F.2d 451, 452 6Th CIR (1991); ESTATE OF CARTER V. CITY OF DETROIT 408 F.3d 305, 312 - 313 6Th CIR (2005), as well as the Fifth, eighth, and fourteenth amendments of the U.S. Constitution.

(6) We declare, under penalty of perjury that the foregoing is true and correct. Executed at Hartsville, Tennessee on November 16th, 2023

Ja'Don Malone 11·16·23
Ja'Don Malone #621812
140 Macon Way
Hartsville, TN 37074

Jason Young 11/16/23
Jason Young #648380
140 Macon Way
Hartsville, TN 37074

# Exhibits Table of Contents

A. CoreCivic Inmate Rights Policy 14-4
B. TDOC "Recreation Programs" Policy 510.01
C. TDOC "Living conditions for segregated inmates" Policy 506.16
D. Letter/Grievance to Commissioner Frank Strada
E. Inappropriate grievance notice 9·25·23 (Young)
F. Inappropriate grievance notice 9·25·23 (Malone)
G. Inappropriate grievance notice 8·31·23 (Malone)
H. Emergency grievance 8·01·23 (Malone assault)
I. Grievance 09·04·23 (Malone)
J. Grievance 09·02·23 (Malone)
K. Grievance 09·05·23 (Malone)
L. Grievance 09·05·23 (Young)
M. TDOC "Inmate grievance Procedure" Policy 501.01
N. Infringement of classification Witness sheet (Malone) Williams
O. Infringement of classification witness sheet (Malone) vantell
P. Infringment of classification Witness Sheet (Young) williams
Q. Infringement of classification Witness sheet (Young) vantell
R. Offender facesheet (Young) 9·5·23 9:48 am
S. Offender classification (Young)
T. Offender facesheet (Malone)
U. Offender classification (Malone)
V. Letter to Mailroom (Malone) 08·16·23
W. Letter to Mailroom (Young) 10·07·23
X. Letter to Mailroom (Young) 09·19·23
Y. Notice to cease mail tampering witness sheet (Young)
Z. Notice to cease mail tampering witness Sheet (Malone)

# Exhibits Table of Contents

AI. Notice to cease mail tampering (Young) 08·29·23

BI. Notice to cease Mail tampering (Malone) 08·28·23

CI. Letter from mailroom (Malone) 09·11·23

DI. Rejected Mail notice (Malone) 09·18·23

EI. Mail log RTS (Malone) 09·22·23

FI. Mail log History (Malone) 08·30·23 10:35 am

GI. Incoming mail log (Young) 09·08·23 9:54 am

HI. Mail log History (Young) 09·08·23 9:54 am

II. TDOC "Inmate Mail" Policy 507.02

JI. Declaration of Abram Amos

KI. Declaration of similiarly situated inmates

LI. Union Supply Package Receipt (Malone)/(Young)

MI. TTCC Commissary Order form

NI. Letter from T.D.O.C.

OI. Inappropriate grievance notice 10/20/23 (malone)

PI. Inappropriate grievance notice 10/20/23 (Malone)

QI. Inappropriate grievance notice 7/28/23

RI. TDOC "Classification Hearing Process" Policy 401.08

SI. Grievance letter Log

TI. Declaration of similiarly situated inmates 2

UI. Declaration of Ja'Don Malone

VI. Cell Inspections" Memorandum

WI. TTCC Commissary Order form

XI. TCC Commissary Pick list 4·20·23

YI. "Allowed Inmate Personal Property in Restrictive housing" Memorandum

ZI. Inappropriate grievance notice 10/23/23 (Malone)

Ja'Don Malone #621812
140 Macon Way
Hartsville, TN 37074



THE DEPARTMENT OF CORRECTION
TTCC HAS NEITHER INSPECTED
NOR CENSORED AND IS NOT
RESPONSIBLE FOR THE CONTENTS



RECEIVED

NOV 2 9 2023

U.S. District Court
Middle District of TN

Clerk, U.S. District Court
Middle District of Tennessee
719 Church Street, Suite 1300
Nashville, TN 37203

-Privileged-